UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:22-cv-61651-AHS

GRACE FLANNERY, an individual;
MIA CRAIN, an individual, on behalf of
themselves and all others similarly situated,

    *Plaintiffs*,

vs.

SPIRIT AIRLINES, INC.,

    *Defendant*.

_____/

**DEFENDANT'S MOTION TO COMPEL**

Defendant, Spirit Airlines, Inc., ("Spirit" or "Defendant"), pursuant to Rule 37 of the Federal Rules of Civil Procedure and L.R. 26.1(g), moves to compel Plaintiff, Grace Flannery ("Plaintiff"), to provide additional responses to Interrogatory Nos. 5 and 7 in Defendant's First Set of Interrogatories and to Request for Production No. 55 in Defendant's First Set of Document Requests. In support of this Motion, Defendant states as follows:

**I.   BACKGROUND**

Plaintiff, a former Spirit flight attendant, alleges retaliation under the federal Family and Medical Leave Act (FMLA) arising from the end of her employment with Spirit. Plaintiff seeks "back pay, front pay, compensatory damages, special damages, general damages, attorney's fees and costs." [DE 13, ¶ 89].

On October 13, 2023, Defendant served Defendant's First Set of Document Requests and Defendant's First Set of Interrogatories upon Plaintiff. On November 15, 2023, Plaintiff served

responses and objections to Defendant's First Set of Request for Production and First Set of Interrogatories, which asserted numerous boilerplate, improper objections.[1]

As outlined below, Interrogatory Nos. 5 and 7 and RFP No. 55 seek information about Plaintiff's medical providers and Plaintiff's medical records.

- **Interrogatory No. 5** requests Plaintiff to "identify the reason(s) for and all the facts supporting your allegation in Paragraph 118 of your Complaint that you were "entitled to protections under the FMLA" "[a]t all relevant time herein" under the Family and Medical Leave Act (FMLA) and separately identify each and every disease, illness, injury, disability, defect, medical symptom or other physical or mental condition which you claim qualified you for leave under the FMLA.

Plaintiff objects to Interrogatory No. 5 "to the extent that it seeks information that is protected from disclosure by the physician-patient or psychotherapist-patient privilege." Plaintiff further objects to the interrogatory "as overbroad, vague, and ambiguous," "unduly burdensome and propounded for the purpose of harassing Plaintiff."

- **Interrogatory No. 7** asks that Plaintiff "identify any and all health care practitioners, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind, who has tested for, diagnosed or treated the illness identified in response to Interrogatory No. 6 above."

Plaintiff objects to Interrogatory No. 7 as seeking "information not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence … to the extent that it seeks information that is protected from disclosure by the physician-patient or psychotherapist-patient privilege" and as "unduly burdensome and propounded for the purpose of harassing Plaintiff."

- **Document Request No. 55** asks that Plaintiff produce "executed HIPAA releases for each health care practitioner, including, but not limited to, physicians, surgeons,

---

[1] The relevant objections and responses to Plaintiff's Answers to Defendant's First Set of Interrogatories and Plaintiff's Responses to Defendant's First Request for Production are attached hereto as Exhibit "A."

2

    dentists, nurses, chiropractors, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind identified for you in response to Defendant's First Set of Interrogatories to Plaintiff.

 Plaintiff objects to Document Request No. 55 "to the extent it seeks a document protected from disclosure by Plaintiff's right to privacy … to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine," as "overbroad, burdensome, and harassing," "to the extent that it violates the Health Insurance Portability and Accountability Act ("HIPAA") the physician-patient privilege, or other medical privacy laws" and "on grounds that it requests information not reasonably calculated to lead to the discovery of admissible evidence."

 Defendant and Plaintiff have conferred via letter and email to obtain the requested discovery without court intervention. On December 19, 2023, Defendant sent Plaintiff a letter seeking to address the broad objections and requested discovery.[2] On January 4, 2024, Plaintiff sent her response to Defendant's December 19, 2023 meet and confer letter.[3] The next day, on January 5, 2024, Defendant responded to Plaintiff's January 4, 2024 letter and requested that the deficiencies in discovery be cured by January 12, 2024.[4] On January 5, 2024, the parties met via video conference to meet and confer on discovery. On Friday January 12, 2024, Defendant emailed Plaintiff a summary of the January 5, 2024 call indicating areas where Plaintiff agreed to supplement discovery and those areas on which the Parties did not reach an agreement.[5] After

---

[2] A copy of Defendant's December 19, 2023 letter is attached hereto as Exhibit "B."
[3] A copy of Plaintiff's January 4, 2024 letter is attached hereto as Exhibit "C."
[4] A copy of Defendant's January 5, 2024 letter is attached hereto as Exhibit "D."
[5] A copy of Defendant's January 12, 2024 email is attached hereto as Exhibit "E."

Plaintiff's counsel requested additional time to respond to these issues based, in part, on counsel being on leave, Plaintiff reaffirmed on January 26, 2024 that she would not provide these records.[6]

As explained in more detail below, Defendant requests this Court enter an Order compelling Plaintiff to provide complete responses (including all responsive documents) to Interrogatory Nos. 5 and 7 and Document Request No. 55. These requests seek information relevant to the claims (including but not limited to damage claims) and defenses in this matter and proportional to the needs of the case, and Plaintiff should be compelled to produce that information and those documents.

## II.  MEMORANDUM OF LAW

Plaintiff should be compelled to produce information about her medical providers and her medical records. A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).  Here, Plaintiff has placed her medical condition squarely at issue by pursuing an FMLA retaliation claim. Indeed, she claims her requests for intermittent FMLA leave "for a one-year period pursuant to her doctor's suggestion and her physical therapy needs" ultimately resulted in her termination. [DE 13, ¶ 42]. As such, far from being overbroad or unduly burdensome, Interrogatory Nos. 5 and 7 are narrowly limited to the claims and defenses raised in this action. Moreover, because Plaintiff has placed her medical condition at issue, executed copies of medical authorizations (as requested by RFP. No. 55) are required in order to obtain information that is directly relevant to the claims at issue.[7]  *See Bailey v. City of Daytona Beach Shores,* 286 F.R.D. 625, 629 (M.D. Fla. 2012)

---

[6] A copy of Plaintiff's January 16, 2024, January 22, 2024 and January 26, 2024 emails, along with Plaintiff's January 26, 2024 letter is attached hereto as Exhibit "F."
[7] Plaintiff proposed a "first look" agreement wherein Plaintiff's counsel would filter/determine what to share with Defendants, but given the nature of Plaintiff's claim and the existing Stipulated

(ordering production of medical records/protected health information in FMLA interference/retaliation case); *see also Maxwell v. Health Center of Lake City, Inc.*, Case No. 3:05-cv-1056-J-32MCR, 2006 U.S. Dist. LEXIS 36774, at *5 (M.D. Fla. Jun. 6, 2006) (finding that Title VII plaintiff who brings a claim for discrimination and seeks resulting damages may have waived some of her privacy interests by the very nature of her claims against defendant).

Additionally, Plaintiff has given every indication that she will seek emotional distress damages or other damages arising out of her alleged medical costs -- if, indeed, such damages are recoverable in a FMLA retaliation action. When the parties conferred, Defendant proposed as an alternative that Plaintiff could stipulate to withdraw any request for emotional distress damages or other damages arising out of her alleged medical costs, but Plaintiff declined to do so. Plaintiff cannot "have it both ways" by seeking damages for emotional distress and damages otherwise arising from her alleged medical costs, on one hand, while simultaneously refusing to provide medical records relevant to both causation and damages, on the other.  In other words, "'a plaintiff should not be permitted to put before the factfinder only those aspects of claimed emotional harm and similar intangible harms that favor [her] position, without revealing that plaintiff already had some preexisting problems that could cast a cloud on the issue of causation.'" *Cameron v. Supermedia, LLC*, Case No. 4:15-cv-315-MW/CAS, 2016 U.S. Dist. LEXIS 52397, at *14 (N.D. Fla. Apr. 19, 2016) (citation omitted).  Plaintiff's past medical records may provide evidence as to preexisting conditions, other stressors in the Plaintiff's life, and/or what the Plaintiff has told her doctors regarding her employment with Defendant as a cause of emotional distress.  The requested information is, therefore, crucial for Spirit to determine the cause of Plaintiff's alleged emotional

---

Protective Order (DE 40) that addresses any legitimate privacy concerns, Defendant did not agree to this proposal.

distress, or, alternatively, to determine whether Plaintiff's alleged emotional distress was a pre-existing condition or was otherwise caused by a source other than Spirit's conduct. *See Crawford v. Babbitt*, 186 F.3d 1322, 1327 (11th Cir. 1999) (finding that plaintiff's medical records would have been particularly valuable in resolving the issue of her entitlement to compensatory damages, and dismissing plaintiff's case for failure to provide "the relevant information."); *Liles v. Weitzman*, Case No. 09-61448-CIV-COHN/SELTZER, 2010 U.S. Dist. LEXIS 151631, at *12-17 (S.D. Fla. Apr. 22, 2010) (compelling discovery of plaintiff's medical providers for one year prior to the start of plaintiff's employment). Even without claims for alleged emotional distress, Plaintiff is seeking back pay and front pay. The medical records are germane to Plaintiff's ability to perform a flight attendant job and therefore relevant to her ability to resume work and earn the wage damages she is seeking.

Finally, the burden of the proposed discovery does not outweigh the likely benefit. *See* Fed. R. Civ. P. 26(b)(1). First, Defendant has provided Plaintiff with the option of executing a HIPAA release for Defendant to obtain the medical records at its expense, but Plaintiff failed to execute the same. As such, Defendant requests this Court compel Plaintiff to provide complete responses (including all responsive documents) to Interrogatory Nos. 5 and 7 and Document Request No. 55. If Plaintiff does not have the requested documents, she should be required to execute a HIPAA release for each health care professional, as sought in Document Request No. 55, to aid Defendant's efforts to obtain these documents via subpoena.

### III. CONCLUSION

For the reasons set forth above, Spirit respectfully requests this Court grant its Motion, enter an Order compelling Plaintiff to provide complete responses and all responsive documents

to Interrogatory Nos. 5 and 7 and Document Request No. 55, and grant Spirit such other and further relief it deems just and proper.

## CERTIFICATE OF GOOD-FAITH CONFERENCE

In accordance with Southern District of Florida Local Rule 7.1(a)(3), counsel for movant, Spirit Airlines, Inc., hereby certifies that on December 19, 2023, counsel for Defendant sent a conferral letter to Plaintiff's counsel in a good faith effort to resolve the issues raised in this Motion to Compel. Following a telephonic meet and confer and additional correspondence, Plaintiff's counsel confirmed on January 26, 2024, that Plaintiff objected to the relief requested in this Motion to Compel.

Date: February 9, 2024

Respectfully submitted,

**LITTLER MENDELSON, P.C**.

/s/ *Miguel A. Morel*
Miguel A. Morel
Florida Bar No. 89163
Email: mamorel@littler.com
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

/s/ *Alexander P. Berg*
Alexander P. Berg
(*Admitted Pro Hac Vice*)
Email: aberg@littler.com
1800 Tysons Boulevard, Suite 500
Tysons Corner, Virginia 22102
Telephone : (703) 286-3138

***Counsel for Defendant,***
***Spirit Airlines, Inc.***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 9th day of February 2024, a true and correct copy of the foregoing was electronically filed via CM/ECF and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below, and also via any additional manner noted below.

                                                                      */s/ Miguel A. Morel*
                                                                         Miguel A. Morel