UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61651-SINGHAL/VALLE

GRACE FLANNERY,

    Plaintiff,

v.

SPIRIT AIRLINES, INC.,

    Defendant.
_____

## ORDER ON MOTION TO COMPEL

THIS CAUSE is before the Court upon Defendant's Motion to Compel (ECF No. 43) (the "Motion"). United States District Judge Raag Singhal has referred the case to the undersigned for discovery matters. *See* (ECF No. 33 at 5). Having reviewed the Motion, Plaintiff's Response (ECF No. 46), and being otherwise fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART AND DENIED IN PART** for the reasons set forth below.

### I.    BACKGROUND

Plaintiff, a former flight attendant of Defendant, alleges Defendant fired her in retaliation for exercising her rights under the Family and Medical Leave Act ("FMLA"), in violation of 29 U.S.C. § 2615.[1] *See generally* (ECF No. 15) (Amended Complaint). Relevant to the instant Motion, on October 13, 2023, Defendant served its First Set of Interrogatories and First Set of Document Requests upon Plaintiff, who asserted numerous objections in response. (ECF No. 43 at 1). After conferral, the parties were unable to resolve their disputes as to Interrogatory Nos. 5

---

[1] The FMLA retaliation claim (Count 3) is the only remaining count in the Amended Complaint. Counts 1 and 2 were dismissed by the Court. *See* (ECF No. 31 at 14).

and 7 and Document Request No. 55.  *Id.* at 2-3.  The three disputed discovery requests seek information regarding Plaintiff's health and medical history.  (ECF No. 43-1 at 3, 5, 11).  Plaintiff objects to the requests as overbroad, vague, irrelevant, unduly burdensome, and as infringing on Plaintiff's privacy and physician-patient, psychotherapist-patient, and attorney-client privileges.  *Id.* at 3-4, 6, 11-12.  The Court will consider each disputed discovery request in turn.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  Information within this scope of discovery need not be admissible in evidence to be discoverable.  *Id*.  Rule 26(b) also allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, No. 14-CV-24009, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, *2015 Year-End Report on the Federal Judiciary 6* (2015)).

The Federal Rules afford the Court broad authority to control the scope of discovery, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306-07 (11th Cir. 2011), but "strongly favor full discovery whenever possible."  *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).  The "overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and

2

therefore embody a fair and just result." *Shapiro v. Dynamic Recovery Sols., LLC*, No. 18-CV-60035, 2018 WL 8130559, at *4 (S.D. Fla. July 26, 2018) (citation omitted); *see also Coach, Inc. v. Visitors Flea Mkt., LLC*, No. 6:11-CV-1905-ORL-19, 2013 WL 5770598, at *2 (M.D. Fla. October 24, 2013) (noting that discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action). Thus, courts allow liberal and broad discovery in keeping with the spirit and purpose of these rules. *Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 409534, at *1 (S.D. Fla. Jan. 24, 2020) (citations omitted).

Accordingly, when a party objects to discovery, the onus is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *Id.* at *2. Moreover, boilerplate objections and generalized responses are improper. *See Alhassid v. Bank of America*, No. 14-CV-20484, 2015 WL 1120273, at *2 (S.D. Fla. March 12, 2015). This District has frequently held that objections that fail to sufficiently specify the grounds on which they are based are improper and without merit. *See, e.g., Powers,* 2020 WL 409534, at *2; *Abdin v. Am. Sec. Ins. Co.*, No. 09-CV-81456, 2010 WL 1257702, at *2 (S.D. Fla. March 29, 2010) (requiring an amended response where plaintiff's objections were meaningless and boilerplate).

Similarly, objections simply stating that a request is overly broad or unduly burdensome are meaningless and without merit. *Abdin*, 2010 WL 1257702 at *1 (citation omitted). Moreover,

> Parties shall not recite a formulaic objection followed by an answer to the discovery request. It has become common practice for a party to object on the basis relevance, vague or unduly burdensome and then state that 'notwithstanding the above,' the party will respond to the discovery request, subject to or without waiving such objection. Such objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the court. Further, such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered.

3

*Alhassid*, 2015 WL 1120273, at *2 (citation omitted).

### III. ANALYSIS

#### A. Interrogatory No. 5

Interrogatory No. 5 asks Plaintiff to "identify the reason(s) for and all the facts supporting your allegation in Paragraph 118 of your Complaint that you were 'entitled to protections under the FMLA' . . . and separately identify each and every disease, illness, injury, disability, defect, medical symptom or other physical or mental condition which you claim qualified you for leave under the FMLA." (ECF No. 43-1 at 3). In her response, Plaintiff objects to the Interrogatory as: (i) overbroad, vague, and ambiguous; (ii) unduly burdensome and harassing "because it seeks information in the possession of, known to, or otherwise equally available to, Defendant;" and (iii) improper "to the extent that it seeks information that is protected from disclosure by the physician-patient or psychotherapist-patient privilege." *Id.* Although Plaintiff then states, "Without waving the foregoing objections," she responds to Interrogatory No. 5. *Id.* at 3-4. Plaintiff's objections are overruled for the reasons set forth below.

First, Plaintiff's objections to overbreadth, vagueness, and ambiguity are improper boilerplate objections. *See Powers,* 2020 WL 409534, at *2; *Abdin*, 2010 WL 1257702 at *1. As written, the Interrogatory is sufficiently clear and targeted at a disputed allegation in the Amended Complaint. As well, the Interrogatory is limited to the conditions that purportedly qualified Plaintiff for leave under the FMLA. Additionally, Plaintiff's argument that a request for information that is "equally available" to the parties constitutes harassment or an undue burden is unsupported and unpersuasive.

Second, there is no physician-patient privilege under federal law. *Charlemagne v. Alibayof*, No. 20-CV-62043, 2021 WL 8534230, at *1 (S.D. Fla. Nov. 16, 2021) (finding no

physician-patient privilege under federal law). Further, although a federal psychotherapist-patient privilege does exist, it protects from disclosure "*confidential communications* between a licensed psychotherapist and her patients in the course of diagnosis and treatment." *Jaffee v. Redmond*, 518 U.S. 1, 11-15 (1996) (emphasis added) (discussing the rationale behind the federal psychotherapist-patient privilege). These types of communications, however, are not the subject of this discovery request. Thus, Plaintiff's medical privilege objections are also overruled.

Finally, Plaintiff's statement "[w]ithout waving the foregoing objections" preserves nothing and leaves the Court and opposing counsel unclear as to what information, if any, has been omitted from her answer. *Alhassid*, 2015 WL 1120273, at *2. Accordingly, this phrase is **STRICKEN** from Plaintiff's response.

For these reasons, the Motion is **GRANTED** as to Interrogatory No. 5. Plaintiff must amend and supplement her answer by the date set forth below. In doing so, Plaintiff must affirmatively state whether the question has been fully answered and whether any information is being withheld on the basis of privilege or other appropriate objection.

### B. Interrogatory No. 7

Interrogatory No. 7 asks Plaintiff to "identify any and all health care practitioners, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind, who has tested for, diagnosed or treated the illness identified in response to Interrogatory No. 6 above." (ECF No. 43-1 at 5). Plaintiff objects to the Interrogatory as: (i) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; (ii) improper "to the extent that it seeks information that is protected from disclosure by the physician-patient or psychotherapist-patient privilege;" and (iii) unduly burdensome and harassing. *Id.* at 6.

For the same reasons explained above (i.e., the lack of a federal physician-patient privilege and the fact that the Interrogatory seeks identities, rather than communications, of potential psychotherapists), Plaintiff's privilege objections are overruled.[2] Plaintiff's conclusory and boilerplate objections as to undue burden and harassment lack the requisite explanation and are also overruled. *See Powers,* 2020 WL 409534, at *2; *Abdin*, 2010 WL 1257702 at *1.

Next, the Court considers Plaintiff's relevance objection in light of the claims and defenses at issue in this case. *See* Fed. R. Civ. P. 26(b)(1). The FMLA creates two types of claims: (i) interference claims, in which an employee asserts that her employer denied or otherwise interfered with her substantive rights under the Act; and (ii) retaliation claims, in which an employee asserts that her employer discriminated against her because she engaged in activity protected by the Act. *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001). To succeed on either type of FMLA claim, the employee must show that she actually qualified for protection under the Act. *See Russell v. N. Broward Hosp.*, 346 F.3d 1335, 1340 (11th Cir. 2003) (acknowledging that interference and retaliation claims both require the employee to establish the existence of a "serious health condition"); *see also Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, at 1297-98 (11th Cir. 2006) (reversing adverse grant of summary judgment on FMLA retaliation claim where plaintiff had raised a genuine issues of material fact on entitlement to leave, which "likewise raised genuine issues of material fact on whether he engaged in statutorily protected activity under the FMLA").

---

[2] To be clear, to the extent that Interrogatory Nos. 5 or 7 seek privileged communications between Plaintiff and her psychotherapists, the psychotherapist-patient privilege applies and protects such communications from disclosure. Moreover, Plaintiff has not waived the privilege by seeking damages for "garden variety" emotional distress. *See Liles v. Stuart Weitzman, LLC*, No. 09-CV-61448, 2010 WL 11505129, at *3-4 (S.D. Fla. Apr. 22, 2010). Any documents withheld on the basis of the psychotherapist-patient privilege should be listed on an appropriate privilege log. *See NIACCF, Inc. v. Cold Stone Creamery, Inc.*, No. 12-CV-20756, 2014 WL 4545918, at *5 n.6 (S.D. Fla. Sept. 12, 2014) (outlining the requirements of an appropriate privilege log).

Here, Count 3 alleges an FMLA retaliation claim, which requires Plaintiff to prove that: (i) she engaged in a statutorily protected activity; (ii) she suffered an adverse employment decision; and (iii) the decision was causally related to the protected activity. *Strickland*, 239 F.3d at 1207 (citing *Parris v. Miami Herald Publ'g Co.*, 216 F.3d 1298, 1301 (11th Cir. 2000)). In Paragraph 118 of the Amended Complaint, Plaintiff alleges she "was entitled to the protections afforded under the FMLA," (ECF No. 15 at 20), and Defendant denies the same in its Answer. (ECF No. 34 at 16).[3] Additionally, the Amended Complaint alleges that Unum, Defendant's then-third-party FMLA administrator, told Plaintiff "she was permitted to take sick leave, but not leave under the FMLA." (ECF No. 15 at 8). Measured against these claims and defenses, the Court finds the information sought in Interrogatory No. 7 to be relevant. Accordingly, Plaintiff's relevance objection is overruled, and the Motion is **GRANTED** as to Interrogatory No. 7. Plaintiff must amend her answer and respond to the Interrogatory by the date set forth below.

### C. Document Request No. 55

Finally, Document Request No. 55 seeks "[e]xecuted HIPAA releases for each health care practitioner, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, therapists, clinics, hospitals, hospices, pharmacies, laboratories, or any other health care provider of any kind identified for you in response to Defendant's First Set of Interrogatories to Plaintiff." (ECF No. 43-1 at 11). Plaintiff objects to this Document Request on the grounds that it: (i) is overbroad, burdensome, and harassing; and (ii) seeks information not reasonably calculated to lead to the discovery of admissible evidence. *Id.* at 11-12. Plaintiff further objects to the extent that the Request violates the attorney-client privilege and/or work-product doctrine, the physician-

---

[3] Paragraph 41 of the Amended Complaint further alleges that "Flannery was eligible for FMLA because she worked for a FMLA covered employer and met the 'hours of service' requirement." (ECF No. 15 at 8). Defendant denied this allegation. (ECF No. 34 at 10).

patient privilege, Plaintiff's right to privacy, and the Health Insurance Portability and Accountability Act ("HIPAA") or other medical privacy laws.

Again, Plaintiff's boilerplate and unsupported objections to overbreadth, undue burden, and harassment are improper and overruled. *See Powers,* 2020 WL 409534, at *2; *Abdin*, 2010 WL 1257702 at *1. Plaintiff's arguments regarding the attorney-client privilege and work-product doctrines are equally unavailing, as she has not shown how the execution of HIPAA releases implicates any communication with or mental impressions of Plaintiff's counsel.

Because there is no physician-patient privilege under federal law, the standard for determining whether medical records (other than privileged psychological records) are discoverable is not whether Plaintiff has put her physical or mental condition at issue but whether the medical records are relevant to any claim or defense. *Liles*, 2010 WL 11505129, at *4. As previously discussed and based on the broad construction of relevance in the context of discovery, *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), the undersigned finds that medical records underlying Plaintiff's qualifying condition for FMLA leave are relevant to the claims and defenses in this case. Further, in balancing Defendant's interest in disclosure against Plaintiff's interest in maintaining the privacy of her medical records, this Court finds in favor of Defendant.

Relevance aside, however, the Eleventh Circuit has not yet determined whether the District Court has the power to compel a party to execute a HIPAA release. *See Williams v. Carnival Corp.,* No. 18-CV-21654, 2020 WL 854809, at *1-2 (S.D. Fla. Feb. 11, 2020) (collecting cases and noting conflicting decisions); *Sherlock v. Fontainebleau*, 229 F. Supp. 3d 1277, 1281 (S.D. Fla. 2017); *Graham v. Carroll*, No. 5:10-CV-00065-RS-GRJ, 2011 WL 855331, at *1 (N.D. Fla. Mar. 9, 2011). On this issue, the undersigned has previously ruled that, in the absence of

8

controlling authority, the Court will not compel a party to execute HIPAA releases. *Charlemagne v. Alibayof*, No. 20-CV-62043, 2021 WL 8565992, at *2 (S.D. Fla. Nov. 11, 2021) (Valle, J.) (denying request to compel party to execute release for medical records); *see Sherlock*, 229 F. Supp. 3d at 1283 (same).

Although this Court will not compel Plaintiff to execute a HIPAA release, Defendant may nonetheless obtain the requested medical records through other means. HIPAA prescribes "a procedure for obtaining authority to use medical records in litigation." *Bailey v. City of Daytona Beach Shores*, 286 F.R.D. 625, 628 (M.D. Fla. 2012) (citation omitted). Under the HIPAA regulations, health care providers may produce records containing otherwise protected health information in response to subpoenas accompanied by a court order authorizing them to do so. 45 C.F.R. 164.512(e)(1); *see Charlemagne*, 2021 WL 8565992, at *2; *Sherlock*, 229 F. Supp. 3d at 1283. Accordingly, although the undersigned will not compel Plaintiff to execute HIPAA release forms, Defendant may submit appropriate HIPAA orders for the Court's consideration and approval. *See Charlemagne*, 2021 WL 8534230, at *2; *Sherlock*, 229 F. Supp. 3d at 1283. Once entered, the HIPAA orders can be served on the medical providers, along with the respective subpoenas. Thus, the Motion is **GRANTED IN PART AND DENIED IN PART** as set forth above.

### D. Fees and Costs

Lastly, each party is to bear its own fees and costs, as both the Motion and Plaintiff's opposition were substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii) (prohibiting a court from ordering the payment of fees where "the opposing party's nondisclosure, response, or objection was substantially justified").

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel (ECF No. 43) is **GRANTED IN PART AND DENIED IN PART**.  Accordingly, within **14 days** from the date of this Order, Plaintiff must serve amended responses to the Interrogatory Nos. 5 and 7 as set forth above.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on March 22, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
     All Counsel of Record